UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| STEPHEN ANDREW WHITT, | ) | |
| | ) | Case No. 1:20-cv-103; 1:14-cr-79 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Stephen Andrew Whitt's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:20-cv-103; Doc. 64 in Case No. 1:14-cr-79). For the following reasons, Petitioner's motion will be **DENIED**.

### I. BACKGROUND

On June 24, 2014, a grand jury returned a one-count indictment charging Petitioner with possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 in Case No. 1:14-cr-79.) After Petitioner pleaded guilty, the Court sentenced him to 180 months' imprisonment based on its finding that he qualified as an armed career criminal under 18 U.S.C. § 924(e). (Doc. 51 in Case No. 1:14-cr-79.) Petitioner did not appeal his conviction or sentence. On April 20, 2020, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, arguing that his prior Georgia burglary convictions do not qualify as predicate offenses under the Armed Career Criminal Act ("ACCA") after the United States Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Welch v. United States*, 136 S. Ct. 1257 (2016), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v.*

*Davis*, 139 S. Ct. 2319 (2019). (Doc. 1 in Case No. 1:20-cv-103; Doc. 64 in Case No. 1:14-cr-79.) Petitioner's motion is now ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

### A. Timeliness of Petition

Section 2255(f) is a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, Petitioner's motion is not timely. "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Federal Rule of Appellate Procedure 4(b)(A) provides that a defendant's notice of appeal must be filed in the district court within fourteen days of the entry of judgment. Because Petitioner did not appeal his conviction or sentence, his judgment became final on December 31, 2015. (*See* Doc. 51 in Case No. 1:14-cr-79.) Petitioner did not file the instant motion until April 20, 2020—more than four years after his judgment became final. (*See* Doc. 1 in Case No. 1:20-cv-103.)

To the extent Petitioner relies on § 2255(f)(3), his motion remains untimely. *Mathis, Johnson,* and *Welch* were all decided more than three years before Petitioner filed the present motion.[1] And, although the Supreme Court issued its opinion in *Davis* in 2019, that decision involved the constitutionality of the definition of "crime of violence" under 18 U.S.C. 924(c), not the definition of "violent felony" under the ACCA. Therefore, *Davis* does not announce a new rule of constitutional law made retroactive on collateral review related to his argument that he does not qualify as an armed career criminal under 18 U.S.C. § 924(e). Accordingly, Petitioner's motion is not timely and is barred by the one-year statute of limitations applicable to petitions for collateral relief under 28 U.S.C. § 2255.[2]

---

[1] Additionally, in *In re Conzelmann*, 872 F.3d 375, 376–77 (6th Cir. 2017), the Sixth Circuit held that *Mathis* did not announce a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

[2] Additionally, nothing in the record supports equitable tolling of the one-year statute of limitations. While the one-year limitations period applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely

### B. Procedural Default

Petitioner's motion also fails because he has procedurally defaulted his arguments. Petitioner did not directly appeal the Court's calculation, duration, or legality of his sentences. Accordingly, to obtain review of his sentence in connection with his motion, Petitioner must demonstrate good cause for not raising this argument on direct appeal and that actual prejudice will result if not reviewed. *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner has made no such showing and, thus, his challenges to the Court's sentence are procedurally defaulted. *See id.* at 885–86.

Additionally, when a claim is procedurally defaulted, a petitioner can obtain review of a nonconstitutional error in connection with a motion 28 U.S.C § 2255 if the claim was the result of ineffective assistance of counsel or if the purported error amounts to "fundamental unfairness" or "something akin to the denial of due process." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (noting that "[o]ne might be forgiven for observing that this is perilously close to saying that procedurally defaulted nonconstitutional errors are waived unless they amount to constitutional errors.").

In this case, Petitioner has not asserted that his counsel was ineffective for failing to raise an error at sentencing or on direct appeal. Additionally, Petitioner has not demonstrated any fundamental unfairness or denial of due process that warrants relief from his procedurally defaulted claim.

---

filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, Petitioner has not provided facts demonstrating that he has been diligently pursuing his rights or that some extraordinary circumstance prevented timely filing the present motion.

### C. Merits of Petition

Even if Petitioner's motion were timely, and, even if his arguments were not procedurally defaulted, his motion would still fail. In his motion, Petitioner asserts that his prior Georgia convictions for burglary no longer qualify as predicate offenses under the ACCA. (Doc. 1 in Case No. 1:20-cv-103; Doc. 64 in Case No. 1:14-cr-79).

Under the ACCA, a defendant receives a mandatory-minimum sentence of fifteen years' imprisonment if he has previously been convicted of at least three prior "violent felonies." 18 U.S.C. § 924(e)(1). Before *Johnson*, the ACCA defined "violent felony" as a felony that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) "is burglary, arson, or extortion, involves use of explosives" (the enumerated-offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B); *see also Vowell v. United States*, 938 F.3d 260, 268 (6th Cir. 2019). In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court, however, noted that its holding had no effect on the constitutionality of the elements clause or the enumerated-offense clause. *Id*.

After *Johnson*, the United States Court of Appeals for the Sixth Circuit has held that, under the "modified categorical approach," Georgia's burglary statute is divisible and that prior convictions qualify as predicate offenses under the enumerated-offense clause if the defendant's *Shepard* documents demonstrate that the defendant was convicted of a entering "dwelling house or building." *Richardson v. United States*, 890 F.3d 616, 629 (6th Cir. 2018); *Vowell*, 938 F.3d at 270.

In this case, Petitioner has eight prior Georgia burglary convictions and, according to the indictments and corresponding judgments in the record, all of them involved entry into a dwelling house or building. (Doc. 41-1 in Case No. 1:14-cr-79.) Therefore, Petitioner's prior Georgia burglary convictions qualify as predicate offenses under the ACCA such that he is properly classified as an armed career criminal under the enumerated-offense clause. Accordingly, the Court will **DENY** Petitioner's motion under 28 U.S.C. § 2255.

IV. **CONCLUSION**

For the reasons stated herein, Petitioner's motion to vacate, set aside, or correct his sentence (Doc. 1 in Case No. 1:20-cv-103; Doc. 64 in Case No. 1:14-cr-79) is **DENIED**. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**